The judgment of the court was pronounced by
Rost, J.
This is a suit upon a note of $1000, secured by mortgage given by the defendant, who is a married woman.
The defendant resists the claim, on the ground that the proceeds of the note were received by her husband; that they did not inure to her benefit; and that the note is tainted with usury: $600 having only been received for it.
There was judgment for the plaintiff for $600, and both parties appealed.
It is proved, that the defendant had borrowed, originally from Fournier, $300, which her husband received, and for which she had given her note for $390. This note came into the possession of Pigneguy, and the defendant being unable to pay it at maturity, gave him the note and mortgage sued upon ; in eon *496 sideration of which her husband received her note in fiivor of Fournier, and the sum of $300.
It is not shown in what manner the plaintiff acquired the note in controversy. No attempt has been made to prove that any portion of the consideration of this note inured to the benefit of the defendant. The evidence, as far as it goes, negatives that fact.
Under the authority of the cases of Brundegee v. Kerr and Wife, 7 N. S. 64; Firemen's Insurance Company v. Julia Cross, 4 R. R. 508; Pascal v. Sauvinet, 1st Ann. 428 ; there being no fact in evidence from which it is possible to infer, that the money was employed for the separate use of the wife, in something which the husband was not obliged to furnish her with, it seems she ought not to be bound.
The plaintiff insists, that though this note might not have been good in the hands of the original holder, yet in those of a subsequent holder for a valuable consideration the wife cannot resist the payment. This question came before the Supreme Court in the case of Sprigg v. Bossier and Wife, 5 N. S. 56, and was decided in favor of the wife. Conceding that the consideration of a negotiable note transferred before maturity, cannot be gone into in an action by the endorsee, the court in that case correctly held, that when the objection to the contract arose from the incapacity of a party to enter into it, that which had not a binding effect when it was made cannot acquire it by endorsement. The note showed upon its face that the maker was a married woman; this was sufficient to put the plaintiff upon inquiry before he discounted it, and it was incumbent upon him to ascertain that the separate estate of the wife could be charged with it.
It is therefore ordered, that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both courts; and that the mortgage mentioned in the petition be cancelled and erased from the record.